Green, J.
delivered the opinion of the court.
The first question in .this cause is as to the parties. It is insisted that as only two of the defendants below applied for a supersedeas, this is an attempt to bring this cause here by writ of error, at the suit of those two only; and that as the other defendant did not apply for the su-persedeas, he is not here prosecuting the writ of error. — ■ The mistake into which counsel have fallen, arises from connecting the supersedeas with the writ of error. The writ of error brings the cause here, and is issued, as a matter of course, by the clerk, upon the record being in his office. It must issue in the name of all the parties, unless there be a summons and severance. Here there is no evidence that Lewis H. Brown does not join in prosecuting this writ of error. Had the writ of error actually issued, upon the record being filed, it would have issued in the name of all the parties; and as by the practice of the court no writ actually issues, we must take it that all are prosecuting in error here. The supersedeas is not the process by which the suit is prosecuted, but it is collateral to the suit, and only operates to restrain the execution of the judgment below, while the court above has the cause under investigation. It cannot be looked to, therefore, as affording any evidence as to the parties to the writ of error. In this view of the case, it will be seen that the parties are all properly before the court.— *159 Lewis H. Brown, one of the plaintiffs in error, having died since the issuing out this writ of error, and his death being suggested, and the defendant in error electing to proceed under the act of 1825, ch. 65, sec. 3, to thetrial of his cause, we come now to consider its merits.
Rivers, for plaintiff in error.
Bramlitt, for defendant,
The verdict is, “that the defendant hath not paid the whole of the debt in the writing obligatory in the declaration mentioned, as the plaintiff in replying hath alleged; and they do assess the plaintiff’s damages, sustained by reason of the detention of said balance of debt, to four hundred and seventy-one dollars and eighteen cents.”— The judgment is, “that the plaintiff recover of the defendant and Jas. Patterson and Edward M. Brown, his securities in appeal, the sum of six hundi’ed and seventy dollars and fifty-four cents, the balance of his debt aforesaid, together with his damages aforesaid, in form aforesaid assessed.”
The verdict in this case did not authorize the judgment which was rendered. The jury find that there is a balance of debt remaining unpaid, but they do not say how much that balance is; but the court undertake to ascertain that balance from other sources than the verdict of the jury, and give judgment for $670 54 cents as the balance of debt, and the $471 18 cents, the damages assessed by the jury. This was manifestly error, for which this judgment must be reversed, and the cause remanded to the circuit court of Giles county for a new trial to be had therein.
Judgment reversed.